UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARNEL DAVONE WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. CV 09-08423-SJO (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On November 17, 2009, Darnel Davone Walker (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." Petitioner was convicted on December 13, 1999 in Los Angeles County Superior Court Case No. BA180270 of two counts of rape in violation of California Penal Code ("PC") §261(a)(2), two counts of forcible oral copulation in violation of PC §288a(c)(2), and attempted kidnapping for the purpose of rape in violation of PC §§209(b)(1), 664. (See Petition at 2.)  On December 13, 1999, Petitioner was sentenced to 221 years to life in state prison. (Id.)  Petitioner has raised the following claims in his Petition: (1) Petitioner was convicted of an uncharged offense in violation of his due process rights under the Fourteenth Amendment;

1  (2) the officer's warrantless arrest and search and seizure violated
2  Petitioner's due process rights under the Fourteenth Amendment; (3)
3  the trial court erroneously denied Petitioner's motion for acquittal
4  at the close of the prosecution's case in chief in violation of
5  Petitioner's Fourteenth Amendment right to equal protection and due
6  process of law; (4) insufficient evidence of blunt force trauma; (5)
7  Petitioner's count five was not supported by sufficient evidence; (6)
8  ineffective assistance of counsel on direct appeal in violation of the
9  Fourteenth Amendment; (7) counsel failed to raise arguable issues of
10 prosecution's failure to plead and prove the alleged priors under PC
11 §667(f)(1)(g) and PC §969(b); (8) counsel failed to raise arguable
12 issues of prosecution's failure to justify illegal arrest and search
13 and seizure; (9) the trial court abused its discretion when it ordered
14 restitution without linking the restitution order to any of the
15 factors in 18 U.S.C. §3664(a); and (10) Petitioner was deprived of his
16 Fourth and Fourteenth Amendment rights to due process and equal
17 protection of the law. (See Petition at attachment 1-72.)

18     It appears from the face of the petition that it is directed to
19 the same 1999 Los Angeles County Superior Court conviction as a prior
20 habeas petition filed by Petitioner in this Court on June 28, 2006, in
21 Case No. CV 06-04104-SJO (VBK).[1]  On January 9, 2007, Judgment was

---

[1]  The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On June 28, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 06-04104-SJO (VBK). In this petition, Petitioner raised the following claims: "(1) Petitioner was convicted of an uncharged offense in violation of his due process right under the Fourteenth Amendment; (2) The officer's warrantless arrest search and seizure violated Petitioner's due process right under the Fourteenth Amendment; (3) The trial court erroneously denied Petitioner's Motion
(continued...)

1 entered in Case No. CV 06-04104-SJO (VBK) denying the petition and
2 dismissing the action with prejudice, pursuant to the District Judge's
3 Order approving and adopting the Magistrate Judge's Report and
4 Recommendation.

    The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

---

[1](...continued) for Acquittal at the close of the prosecution case in violation of Petitioner's Fourteenth Amendment right to equal protection and due process of the law; (4) Ineffective assistance of counsel on direct appeal in violation of Petitioner's Fourteenth Amendment rights; and (5) The trial court abused its discretion when it ordered restitution without linking the restitution order to any of the factors in 18 U.S.C. §3654(a). (See First Amended Petition at attached pages 5-6.)

     that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>." (Emphasis Added.)

  The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

  For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 11/27/09

*S. James Otero*
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented this 20th day of November, 2009 by:

  /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4